# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

MEG PAULSEN,

          Plaintiff,

v.

SILVER CINEMAS ACQUISITION, CO.
D/B/A LANDMARK THEATRES,

          Defendants.

Case No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT AND THE WASHINGTON LAW AGAINST DISCRIMINATION**

## I. INTRODUCTION

Plaintiff Meg Paulsen is an individual with a disability. People with disabilities have faced discrimination based on disability in everyday life. Unfortunately, this kind of discrimination continues today. One continuing form of discrimination is the pervasive inaccessibility of places of public accommodation that prevents individuals with disabilities from enjoying equal access to goods, services, or other benefits like everyone else.

Movie theaters are no exception to guaranteeing equal access. The Americans with Disabilities Act ("ADA") imposes requirements to fulfill the long-sought-after ideal of

Complaint for Declaratory and
Injunctive Relief - 1
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

preventing discrimination against people with disabilities. These requirements have existed since 1990. Yet, operators of movie theaters have continued to discriminate against moviegoers with disabilities by failing to remove accessibility barriers that ensure full access for people with disabilities.

One of these movie theaters is Crest Cinema ("Crest"), operated by Defendant Silver Cinemas Acquisition Co., d/b/a Landmark Theatres ("Landmark Theatres"). Ms. Paulsen brings this action against Landmark Theatres for violating the ADA and the Washington Law Against Discrimination ("WLAD").

## II. JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to 28 U.S.C. § 12132. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

2. The court also has supplemental jurisdiction over Ms. Paulsen's state law claims under Washington's Law Against Discrimination, RCW 49.60, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(2), since the events giving rise to the claims wholly occurred in King County, Washington.

## III. PARTIES

4. At all times relevant to this action, Ms. Paulsen has resided and currently resides in King County.

5. King County is located within this judicial district.

Complaint for Declaratory and
Injunctive Relief - 2
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

6. Ms. Paulsen has a mobility disability. She cannot walk due to her disability and currently uses a power wheelchair for mobility. Ms. Paulsen also uses an accessible vehicle for transportation. She requires parking in designated van-accessible parking spaces that fully comply with the ADA's Standards for Accessible Design ("Standards"), enabling her to park her vehicle and patronize movie theaters and other places of public accommodation safely, just like everyone else.

7. Ms. Paulsen is "substantially limited" in her ability to walk and other "major life activities" as defined by the ADA. Therefore, the ADA protects Ms. Paulsen, and similarly situated patrons with disabilities, from discrimination based on disability.

8. Defendant Landmark Theatres is a privately held corporation headquartered in West Hollywood, California. Landmark Theatres owns and operates Crest, where the events that give rise to this action have occurred.

9. At all times relevant to this action, Crest was located at or around the address of 16505 5th Ave NE, Shoreline, WA 98155 and encompasses parcel #5727500243 in King County, Washington.

10. Landmark Theatres conducts extensive business in Washington state.

**IV. FACTUAL ALLEGATIONS**

**Background – The Americans with Disabilities Act (ADA) and Applicable Laws to Ensure Accessibility**

Complaint for Declaratory and
Injunctive Relief - 3
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

11. Under the ADA, no one with a disability "shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."[1]

12. Congress passed and enacted the ADA in 1990, after Congress found that individuals with disabilities have historically faced discrimination in society without legal recourse.[2] Congress statutorily declared this form of discrimination as a "serious and pervasive social problem."[3]

13. Congress also acknowledged explicitly that discrimination has "persist[ed]" in "critical areas."[4] These areas include places of public accommodation, such as "motion picture house[s]" and "other place[s] of exhibition or entertainment."[5]

14. Congress recognized "the discriminatory effects of architectural . . . barriers . . . [and] failure to make modifications to existing facilities," among other factors, that contribute to the ongoing exclusion against people with disabilities.[6]

15. Architectural barriers are discriminatory when they prevent people with disabilities from "participat[ing] in or benefit[ing] from the goods, services, facilities, privileges, advantages, or accommodations of an entity."[7]

---

[1] 42 U.S.C. § 12182(a).
[2] See, e.g., 42 U.S.C. § 12101(a)(2) (stating that "society has tended to isolate and segregate individuals with disabilities"); id. § 12101(a)(4) ("[I]ndividuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination.").
[3] 42 U.S.C. § 12101(a)(2).
[4] Id. § 12101(a)(3).
[5] Id. § 12181(7)(C).
[6] Id. § 12101(a)(5).
[7] Id. § 12182(b)(1)(A)(i).

Complaint for Declaratory and
Injunctive Relief - 4
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

16. Accordingly, Congress sought to "clear[ly] and comprehensive[ly]" eradicate discrimination against people with disabilities, such as "provid[ing] clear, strong, consistent, [and] enforceable standards" to eliminate this kind of discrimination.[8]

17. One of these standards is the ADA's Standards for Accessible Design ("Standards"). Two versions of the Standards for Accessible Design exist: the 2010 Standards for Accessible Design ("2010 Standards") and the 1991 Standards for Accessible Design ("1991 Standards").[9]

18. On information and belief, it is unknown when Landmark Theatres last began alterations to Crest. Thus, the 2010 and 1991 Standards apply to this action.

19. As an owner or operator of a place of public accommodation, Landmark Theatres is responsible for ensuring that Crest fully complies with the applicable Standards. The next section documents Ms. Paulsen's experiences at Crest, an experience that fails to amount to a "full and equal enjoyment" of the benefits or privileges that the ADA guarantees to Ms. Paulsen.

### Ms. Paulsen's Visit to Crest

20. Ms. Paulsen has a disability that substantially limits her ability to walk, and she uses a wheelchair for mobility.

---

[8] Id. § 12101(b)(1)–(2).

[9] See generally U.S. Dept. of Just., Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf; U.S. Dept. Just., 2010 ADA Standards for Accessible Design (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf.

Complaint for Declaratory and Injunctive Relief - 5
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

21. Ms. Paulsen also drives a motor vehicle modified to accommodate her wheelchair, so that she can travel to places for work, personal, or recreational purposes.

22. One of Ms. Paulsen's recreational activities is going to the movies with her friends, an activity that she enjoys on her day off from work during the week.

23. As an individual with a mobility disability, Ms. Paulsen requires parking in spaces that comply with the applicable Standards for Accessible Design and have signage that designate the space as accessible.

24. On July 15, 2024, Ms. Paulsen visited Crest with a friend to watch "Thelma."

25. Ms. Paulsen and her friend chose to watch "Thelma" at Crest, a movie theater with reasonably priced tickets for admission compared to other movie theaters.

26. When Ms. Paulsen arrived at Crest, she spotted several accessibility barriers, even before she entered inside the theater. For example, Crest's parking lot has a barrier separating the designated accessible parking space with the sidewalk along the shortest accessible route to the entrance of Crest.

27. This barrier forced Ms. Paulsen onto the pavement of the parking lot and to go through the back of the designated accessible parking spaces, instead of the sidewalk directly adjacent to the designated accessible parking space.

28. Ms. Paulsen also encountered architectural barriers inside the theater. Ms. Paulsen encountered interior routes to auditoriums that were too narrow for her wheelchair, thus impacting her ability to navigate inside the theater.

Complaint for Declaratory and
Injunctive Relief - 6
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

29. Ms. Paulsen also asked Crest staff if any of the auditoriums contained accessible spaces for wheelchairs. On information and belief, staff advised Ms. Paulsen that Crest did not have accessible spaces in each of the theaters, but that Crest rotated each movie across its four auditoriums.

30. Although Ms. Paulsen was able to watch "Thelma," located in Theater 4 on the date and time of her visit, Ms. Paulsen failed to experience the "full and equal enjoyment" that the ADA mandates for individuals with disabilities in places of public accommodation, like Crest, as set forth in more detail below.[10] For Ms. Paulsen, this included, without limitation, noncompliant accessible parking, noncompliant accessible routes, noncompliant accessible restrooms, and noncompliant accessibility in assembly areas like movie theaters.

31. "Full and equal enjoyment" entails full technical compliance with the 2010 or 1991 Standards.[11] The table below provides information—based on the date when the alterations last began—on which Standards apply for a place of public accommodation covered under ADA Title III.

| Latest Starting Date of Alterations | Applicable Standard |
| --- | --- |
| Before January 26, 1992 | Readily Achievable (i.e., easily accomplishable without much difficulty or |

_____

[10] 42 U.S.C. § 12182(a); see 42 U.S.C. § 12181(7)(C) (stating that "private entities" covered under ADA Title III include "a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment").
[11] See 42 U.S.C. § 12182(a).

Complaint for Declaratory and
Injunctive Relief - 7
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

| | |
|---|---|
| | expense) to attain full compliance with the 1991 Standards[12] |
| January 26, 1992, through September 14, 2010 | 1991 Standards[13] |
| September 15, 2010, through March 14, 2012 | Either the 1991 or 2010 Standards[14] |
| March 15, 2012, and later | 2010 Standards[15] |

**Crest Fails to Meet Parking Requirements Under the Standards**

32. The tables below provide some numerical requirements as to how many accessible parking spaces that owners, operators, or lessors to owners or operators of places of public accommodation must provide to the public.[16]

| Total Number of Parking Spaces | Number of Minimum Required Designated Accessible Parking Spaces Under the 2010 or 1991 Standards |
|---|---|
| 1-25 | 1 |
| 26-50 | 2 |

[12] See 28 C.F.R. § 36.304(a) ("A public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.").
[13] See 36 C.F.R. § 36.406(a)(1).
[14] Id. § 36.406(a)(2).
[15] Id. § 36.406(a)(3).
[16] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 208.2 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; U.S. Dept. of Just.; U.S. Dept. of Just., Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.1.2(5)(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and
Injunctive Relief - 8
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

| 51-75 | 3 |
| 76-100 | 4 |

33. The 2010 Standards also specify the required number of designated Van Accessible spaces, based on the total number of designated accessible spaces provided. The table below illustrates these numerical requirements.[17]

| Total Number of Designated Accessible Spaces | Number of Minimum Required Designated Van Accessible Parking Spaces Under the 2010 Standards |
| --- | --- |
| 1-6 | 1 |
| 7-12 | 2 |
| 13-18 | 3 |
| 19+ | 3, plus 1 for every subsequent multiple and fraction of 6 designated accessible spaces |

34. Similarly, the 1991 Standards require a minimum number of Van Accessible spaces, albeit different from the 2010 Standards. The 1991 Standards for designated Van Accessible parking spaces are detailed on the table below.[18]

---

[17] See U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 208.2.4 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf ("For every six or fraction of six parking *spaces* required by 208.2 to comply with 502, at least one shall be a van parking *space* complying with 502.") (emphasis in original).

[18] See Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.1.2(5)(b) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf ("One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated 'van accessible' as required by 4.6.4.").

Complaint for Declaratory and Injunctive Relief - 9
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

| Total Number of Designated Accessible Spaces | Number of Minimum Required Designated Van Accessible Parking Spaces Under the 2010 Standards |
|---|---|
| 1-8 | 1 |
| 9-18 | 2 |
| 19-27 | 3 |
| 28+ | 3, plus 1 for every subsequent multiple and fraction of 8 designated accessible spaces |

35. Under the 2010 Standards, each designated accessible parking space must have a posted sign at least sixty inches between the ground and bottom edge of the sign.[19]

36. Additionally, under either the 2010 or 1991 Standards, owners, operators, and lessors to places of public accommodation must also provide an exterior accessible route of at least thirty-six inches wide that connects the access aisle and the shortest accessible route to the accessible entrance of the place of public accommodation.[20]

37. In this case, Landmark Theatres provides enough designated accessible parking spaces to comply with either the 2010 or 1991 Standards. However, Landmark Theatres fails to provide the exterior accessible route from the parking spaces to the shortest route to the entrance of the theater.

38. Below is a photo of one of the two designated accessible spaces at Crest.

---

[19] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 502.6 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf.
[20] Id. §§ 403.5.1; 208.3.1.

Complaint for Declaratory and
Injunctive Relief - 10
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172



39.

40. As seen in the photo, the right side of one of the two accessible parking spaces is partially blocked off by a barricade that prevents users of the parking space from safely entering the parking space from the shortest accessible route to the movie theater.

Complaint for Declaratory and
Injunctive Relief - 11
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

41. This barricade, along with the bumpy surface surrounding the storm drain in the center of the photo, forces Ms. Paulsen, and others similarly situated, to enter the theater through the back of the parking spaces and onto the parking lot roadway. This prevents Ms. Paulsen from safely entering Crest and enjoying the "full and equal enjoyment of the goods, services, facilities," and other benefits as entitled to Ms. Paulsen under the ADA.

42. Based on the above findings, Landmark Theatres owns or operates a parking facility that discriminates against Ms. Paulsen and thus violates the 2010 or 1991 Standards.

**Crest Fails to Comply with the Requirements for Wheelchair Spaces Under the 2010 or 1991 Standards**

43. The 2010 and 1991 Standards also require places of public assembly, including movie theaters, to provide a specific number of compliant spaces for wheelchairs.

44. The table below details the required number of wheelchair spaces under the 2010 Standards.[21]

| Total Number of Seats | Number of Wheelchair Spaces Required Under the 2010 Standards |
|---|---|
| 4-25 | 1 |
| 26-50 | 2 |
| 51-150 | 4 |
| 151-300 | 5 |
| 301-500 | 6 |

[21] Id. § 221.2.1.1.

Complaint for Declaratory and
Injunctive Relief - 12
Case No.                                     WASHINGTON CIVIL & DISABILITY ADVOCATE
                                             4115 Roosevelt Way NE, Suite B
                                             Seattle, WA 98105
                                             (206) 428-3172

| 501-5,000 | 6 plus 1 additional space for every additional 150 seats, or fraction of 150 seats, between 501 and 5,000 total seats |
| 5,001+ | 36 plus 1 additional space for every 200 seats, or fraction of 200 seats, over 5,000 total seats |

45.

46. Similarly, the 1991 Standards also require a minimum number of wheelchair spaces for public assembly areas, as illustrated in the table below.[22]

| Seating Capacity in the Assembly Area | Number of Wheelchair Spaces Required Under the 1991 Standards |
|---|---|
| 4-25 | 1 |
| 26-50 | 2 |
| 51-300 | 4 |
| 301-500 | 6 |
| 501+ | 6 + 1 additional space for each total seating capacity increase of 100 |

47. At all relevant times in this action, Landmark Theatres operates four movie theater auditoriums, numbered 1-4 (hereinafter "Theater 1," "Theater 2," "Theater 3," and "Theater 4"). Thus, the ADA binds Landmark Theatres to the applicable Standards for each of its four auditoriums at Crest. Yet, Landmark Theatres has failed to comply with either the 2010 or 1991 Standards, as discussed below.

_____

[22] Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.1.3(19)(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and
Injunctive Relief - 13
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**Access Barriers in Violation of the ADA in Theater 1**

48. Theater 1 contains an estimated 187 seats. This means that Theater 1 must have at least five designated wheelchair spaces under the 2010 Standards and four wheelchair spaces under the 1991 Standards.

49. At all times relevant to this Action, Theater 1 lacks any seats or areas clearly marked as accessible to patrons who use wheelchairs. At best, Theater 1 contains space that may fit a wheelchair, depicted in the photo below.

Complaint for Declaratory and
Injunctive Relief - 14
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172



50.

51. On information and belief, this space depicted in the photo above is the only space provided for an individual who uses a wheelchair.

52. Even if Landmark Theatres had intended this space to accommodate a wheelchair, the amount of wheelchair spaces provided in Theater 1 is four spaces short of the 2010 Standards and three spaces short of complying with the 1991 Standards.

Complaint for Declaratory and
Injunctive Relief - 15
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

53. In addition to fulfilling numerical requirements for wheelchair spaces in movie theater auditoriums, the 2010 and 1991 Standards require that each designated wheelchair space must have at least one seat designated for companions of patrons who use wheelchairs.[23] These companion seats must align shoulder-to-shoulder with the designated wheelchair space.[24]

54. Here, as depicted in the photo above, the lone wheelchair space inside Theater 1 lacks any companion seats for patrons who use the wheelchair spaces. This violates the 2010 and 1991 Standards.

55. Finally, the placement of the only wheelchair space in Theater 1 is inconsistent with the ADA's goal to eliminate discrimination in places of public assembly. The 2010 Standards state that "*wheelchair spaces* shall be an integral part of the seating plan" for public assembly areas.[25] Similarly, the 1991 Standards assert that "wheelchair areas shall be an integral part of any fixed seating plan . . . to provide people with physical disabilities a choice of . . . lines of sight comparable to those for members of the general public."[26]

---

[23] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 221.3 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.33.3 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

[24] *See* U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 802.3 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf ("In row seating, companion seats shall be located to provide shoulder alignment with adjacent *wheelchair spaces*.") (emphasis in original); Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.33.3 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf ("*At least one companion fixed seat shall be provided next to each wheelchair seating area.*") (emphasis in original).

[25] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 221.2.2 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf (emphasis in original).

[26] Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.33.3 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf. The 1991 Standards acknowledges that some alterations are "technically infeasible" when structural, physical, or other site conditions prohibit alterations.

Complaint for Declaratory and Injunctive Relief - 16
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

56. This goal intends to reverse the historical inequity over seating locations for individuals using wheelchairs, a population who "ha[s] been relegated to inferior seating in the back of assembly areas [including movie theaters] separate from accompanying family members and friends."[27] Movie theaters that continue to relegate moviegoers who use wheelchairs are otherwise upholding this historical inequity and effectively discriminates against individuals with disabilities.[28]

57. Here, the only wheelchair space in Theater 1 is in the back-most row in the right corner and next to an exit. This is the same kind of seating arrangement prohibited under the ADA. Thus, Landmark Theatres has effectively relegated Ms. Paulsen, and others similarly situated, to the back of the auditorium and violates the 2010 and 1991 Standards.

58. Therefore, Landmark Theatres has impermissibly discriminated against Ms. Paulsen, and others similarly situated, based on disability.

**Access Barriers in Violation of the ADA in Theater 2**

59. The numerical requirements of the 2010 and 1991 Standards for wheelchair spaces in movie theater auditoriums are provided below.[29]

| Total Number of Seats | Number of Wheelchair Spaces Required Under the 2010 Standards |
|---|---|
| | |

---

See id. § 4.1.6(1)(j). When alterations are "technically infeasible," accessible spaces may be clustered. See id. § 4.1.7(f)(i) ("Where it is technically infeasible to disperse accessible seating throughout an altered assembly area, accessible seating areas may be clustered.").

[27] 28 C.F.R. Appendix C to Part 36, § 36.308, Seating in Assembly Areas.

[28] See id.

[29] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 221.2.1, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.1.3(19)(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and
Injunctive Relief - 17
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

| 4-25 | 1 |
|---|---|
| 26-50 | 2 |
| 51-150 | 4 |
| 151-300 | 5 |
| 301-500 | 6 |
| 501-5,000 | 6 plus 1 additional space for every additional 150 seats, or fraction of 150 seats, between 501 and 5,000 total seats |
| 5,001+ | 36 plus 1 additional space for every 200 seats, or fraction of 200 seats, over 5,000 total seats |

| Seating Capacity in the Assembly Area | Number of Wheelchair Spaces Required Under the 1991 Standards |
|---|---|
| 4-25 | 1 |
| 26-50 | 2 |
| 51-300 | 4 |
| 301-500 | 6 |
| 501+ | 6 + 1 additional space for each total seating capacity increase of 100 |

60. Here, theater 2 contains an estimated 247 seats. Therefore, theater 2 must have at least 5 wheelchair spaces under the 2010 Standards and 4 dedicated wheelchair spaces under the 1991 Standards.

Complaint for Declaratory and
Injunctive Relief - 18
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

61. However, at all times relevant to this Action, Theater 2 only contains two wheelchair spaces. This is three spaces short under the 2010 Standards and two spaces short of the requirements under the 1991 Standards. Thus, Theater 2 discriminates by providing an insufficient number of wheelchairs spaces under the Standards.

62. Additionally, Theater 2 also discriminates against Ms. Paulsen, and others similarly situated, through its placement of these wheelchair spaces. As stated previously, the 1991 Standards assert that "wheelchair areas shall be an integral part of any fixed seating plan . . . to provide people with physical disabilities a choice of . . . lines of sight comparable to those for members of the general public."[30]

63. Also as stated previously, people with disabilities "have been relegated to inferior seating in the back of assembly areas [including movie theaters] separate from accompanying family members and friends."[31]

64. Here, just like in Theater 1, Landmark Theatres placed the only wheelchair spaces available in Theater 2 in the corners of the back row and near the exit. Just like in Theater 1, Landmark Theatres effectively relegates moviegoers with disabilities to just the back of Theater 2. This is a procedure that contrasts directly with the stated goals of the ADA and is grounds for impermissible discrimination under the ADA.

65. Furthermore, each of the wheelchair spaces in Theater 2 have spatial dimensions that fall short of the required width and length under the 2010 and 1991 Standards.

---

[30] Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.33.3 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf. (emphasis omitted)
[31] 28 C.F.R. Appendix C to Part 36, § 36.308, Seating in Assembly Areas.

Complaint for Declaratory and               WASHINGTON CIVIL & DISABILITY ADVOCATE
Injunctive Relief - 19                             4115 Roosevelt Way NE, Suite B
Case No.                                                  Seattle, WA 98105
                                                              (206) 428-3172

66. The below image depicts the first of two wheelchair accessible spaces in Theater 2, located in the back row of the theater to the left when entering the theater.



67.

68. Under the 2010 Standards, a single wheelchair space must measure at least thirty-six inches wide by forty-eight inches deep. Under the 1991 Standards, a single wheelchair space may measure at least thirty-three inches wide by forty-eight inches deep.[32]

69. Here, the width of this space measures just thirty inches from the end of the adjacent companion seat to the end of the row, while the depth measures just forty inches from the front of the seat in front of the wheelchair space to the back of the seat in the immediate row in front of the wheelchair space. These measurements are short of the required measurements

[32] Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.33 Assembly Areas. Figure 46 (last revised July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and
Injunctive Relief - 20
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

of a minimum of thirty-six inches wide by forty-eight inches deep. Therefore, this seat violates the 2010 and 1991 Standards.

70. Below is an image of the second wheelchair accessible space, located on the right side of the last row of Theater 2.



71.

72. This space measures just thirty-two inches wide from the adjacent companion seat to the end of the aisle, short of the required thirty-six inches under the 2010 and 1991 Standards. Therefore, this wheelchair space in Theater 2 also violates the Standards.

**Theater 3 Has an Insufficient Number of Wheelchair Spaces, and the Lone Space for a Wheelchair Fails to Meet Dimensional Requirements Under the Standards**

Complaint for Declaratory and
Injunctive Relief - 21
Case No.

73. The numerical requirements of the 2010 and 1991 Standards for wheelchair spaces in movie theater auditoriums are provided again below.[33]

| Total Number of Seats | Number of Wheelchair Spaces Required Under the 2010 Standards |
|---|---|
| 4-25 | 1 |
| 26-50 | 2 |
| 51-150 | 4 |
| 151-300 | 5 |
| 301-500 | 6 |
| 501-5,000 | 6 plus 1 additional space for every additional 150 seats, or fraction of 150 seats, between 501 and 5,000 total seats |
| 5,001+ | 36 plus 1 additional space for every 200 seats, or fraction of 200 seats, over 5,000 total seats |

| Seating Capacity in the Assembly Area | Number of Wheelchair Spaces Required Under the 1991 Standards |
|---|---|
| 4-25 | 1 |
| 26-50 | 2 |
| 51-300 | 4 |
| 301-500 | 6 |

[33] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 221.2.1, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.1.3(19)(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and
Injunctive Relief - 22
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

| 501+ | 6 + 1 additional space for each total seating capacity increase of 100 |
|------|------|

74. Here, Theater 3 has around 170 seats. This means that Landmark Theatres must allocate five wheelchair spaces under the 2010 Standards and four under the 1991 Standards. However, Landmark Theatres allocates only one wheelchair space, clearly short of compliance under either the 2010 or 1991 Standards.

75. The picture below depicts the only wheelchair space provided in Theater 3.



76.

Complaint for Declaratory and
Injunctive Relief - 23
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

77. Under the 2010 Standards, an individual wheelchair space that allows for entry from the front or rear must measure at least thirty-six inches wide by forty-eight inches deep.[34] Under the 1991 Standards, two consecutive wheelchair spaces, side by side combined, may measure sixty-six inches wide by forty-eight inches deep.[35]

78. Here, the only wheelchair space in Theater 3 measures only forty inches deep. Thus, Theater 3 violates the 2010 and 1991 Standards by also having a wheelchair space that fails to fully comply with the dimensional requirements under either of these Standards.

79. Additionally, the 2010 and 1991 ADA Standards generally require all interior routes to rooms and other facilities inside a building to measure at least thirty-six inches wide.[36] The 2010 Standards also allows an interior accessible route to measure thirty-two inches wide that spans up to twenty-four inches, while the 1991 Standards allow for an interior access route to measure thirty-two inches when measured at the doorway.[37]

80. The photo below depicts the only aisle to enter and exit Theater 3.

---

[34] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design §§ 802.1.2, 802.1.3, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf.

[35] See Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.33.2 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf (allowing for two consecutive wheelchair spaces to have a combined width of sixty-six inches wide by forty-eight inches deep for wheelchair spaces accessible from the front or rear of the spaces themselves).

[36] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 403.5.1, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.3.3 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

[37] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 403.5.1, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.13.5 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and
Injunctive Relief - 24
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172



81.

82. Here, the aisle to enter and exit Theater 3 measures only thirty-three inches, three inches short of the required width under the 2010 and 1991 Standards. Thus, Landmark Theatres violates the 2010 and 1991 Standards.

**Theater 4 Provides an Insufficient Number of Wheelchair Spaces, Fails to Meet Dimensional Requirements, and Lacks Required Companion Seating**

Complaint for Declaratory and
Injunctive Relief - 25
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

83. The numerical requirements for wheelchair spaces under the 2010 and 1991 Standards are listed again in the tables below.[38]

| Total Number of Seats | Number of Wheelchair Spaces Required Under the 2010 Standards |
|---|---|
| 4-25 | 1 |
| 26-50 | 2 |
| 51-150 | 4 |
| 151-300 | 5 |
| 301-500 | 6 |
| 501-5,000 | 6 plus 1 additional space for every additional 150 seats, or fraction of 150 seats, between 501 and 5,000 total seats |
| 5,001+ | 36 plus 1 additional space for every 200 seats, or fraction of 200 seats, over 5,000 total seats |

| Seating Capacity in the Assembly Area | Number of Wheelchair Spaces Required Under the 1991 Standards |
|---|---|
| 4-25 | 1 |
| 26-50 | 2 |
| 51-300 | 4 |
| 301-500 | 6 |

[38] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 221.2.1, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.1.3(19)(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and
Injunctive Relief - 26
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

| 501+ | 6 + 1 additional space for each total seating capacity increase of 100 |
|------|------|

84. Here, Theater 4 contains an estimated ninety seats. Therefore, Landmark Theatres must provide four wheelchair spaces under both the 2010 and 1991 Standards.

85. However, Theater 4 contains only one wheelchair space, depicted in the photo below.



86.

87. Landmark Theatres thus violates the 2010 and 1991 Standards by allocating only one wheelchair space to Theater 4.

Complaint for Declaratory and
Injunctive Relief - 27
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

88. As stated previously, an individual wheelchair space must measure at least forty-eight inches deep under both the 2010 and 1991 Standards.[39]

89. Here, the depth of the space measures only thirty-eight inches. This is ten inches short of the required depth. Thus, Theater 4 violates the wheelchair space requirements under the 2010 and 1991 Standards.

90. Furthermore, as stated previously, owners or operators of areas of public assembly must provide at least one designated companion seat adjacent to each wheelchair space. Each companion seat must also align shoulder-to-shoulder to the wheelchair space.

91. Here, as depicted in the photo above, Landmark Theatres allocates no companion seats at all for the wheelchair space. Therefore, Landmark Theatres further violates the 2010 and 1991 Standards.

92. Under both the 2010 and 1991 standards, movie theaters (and other places of public accommodation) must also ensure that interior accessible routes to rooms and other public facilities generally measure at least thirty-six inches wide.[40]

---

[39] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design §§ 802.1.2, 802.1.3, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; see Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.33.2 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf (allowing for two consecutive wheelchair spaces to have a combined width of sixty-six inches wide by forty-eight inches deep for wheelchair spaces accessible from the front or rear of the spaces themselves).

[40] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 221.2.1, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.3.3 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf. As mentioned earlier in this Complaint, the 2010 and 1991 Standards allow for exceptions to the general rule that interior access routes must measure at least thirty-six inches wide. See U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 403.5.1, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.13.5 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf

Complaint for Declaratory and Injunctive Relief - 28
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

93. The photo below depicts the hallway that all patrons must use to enter and exit Theater 4.



94.

Complaint for Declaratory and
Injunctive Relief - 29
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

95. Here, the width of this hallway measures only thirty-three inches, three inches short of the required width under the 2010 and 1991 Standards. Therefore, Landmark Theatres violates the Standards.

**Other Violations Against Access to Goods and Services**

96. The requirements under the 2010 and 1991 Standards apply to other public facilities inside movie theaters. Unfortunately, Landmark Theatres has also failed to meet these requirements as described below.

97. Under the 2010 and 1991 Standards, the entrance to Crest should require a maximum of five pounds of force to open.[41]

98. Here, the main entrance to Crest requires about eleven pounds of force to open. This is more than twice the amount of force permissible under the 2010 and 1991 Standards. Thus, Landmark Theatres violates the 2010 and 1991 ADA Standards.

99. Under the 2010 and 1991 Standards, sales and service counters should, at minimum, have a portion that measures up to thirty-six inches high, measured from the ground to the top surface, that also measures thirty-six inches long.[42]

---

[41] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 404.2.9, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.13.11(2)(a)-(c) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.
[42] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 904.4.1 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 7.2(2)(i) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and Injunctive Relief - 30
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

100.    Here, on information and belief, the service counter measures approximately thirty-nine inches high, measured from the ground to the top surface. This violates the 2010 and 1991 Standards.

101.    Based on the violations listed above, Landmark Theatres has further violated the 2010 and 1991 Standards.

**Restrooms at Crest**

102.    The broad goals of the ADA extend to restrooms.[43] Thus, the ADA obligates owners, operators, or lessors to places of public accommodation to satisfy the 2010 or 1991 Standards in restrooms available to the public.

103.    Here, Landmark Theatres provides a total of two accessible restrooms: a men's toilet room next to Theater 2 and a women's toilet room next to Theater 2. Therefore, the ADA requires Landmark Cinemas to ensure that these restrooms comply with the 2010 or 1991 Standards.

**Accessibility Violations at Men's Restroom Near Theater 2**

104.    The 2010 Standards provide detailed technical requirements pertaining to the positioning of accessories such as, but not limited to, paper towel dispensers, soap

---

[43] See generally U.S. Dept. of Just., 2010 ADA Standards for Accessible Design (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf (detailing technical requirements for restrooms in places of public accommodation); cf. Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § A4.22 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf (detailing technical requirements for "toilet rooms").

Complaint for Declaratory and
Injunctive Relief - 31
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

dispensers, and mirrors.[44] The table below provides informational requirements on the positioning of these kinds of accessories.

| Restroom Accessory | Maximum Allowable Height or Range of Heights from the Ground |
| --- | --- |
| Mirror | Forty inches if located above a lavatory or countertop, or thirty-five inches if not located above a lavatory or countertop.[45] |
| Paper Towel and Soap Dispenser | **If located above a sink:**<br>• No higher than forty-four inches if the sink extends twenty to twenty-five inches from the wall,[46] OR<br>• No higher than forty-eight inches if the sink extends less than twenty inches from the wall.[47]<br>**If NOT located above a sink:**<br>• No higher forty-eight inches.[48] |
| Top surface of sink | Thirty-four inches[49] |
| Bottom of sink | Twenty-seven inches[50] |

105.    The 1991 Standards also provide detailed requirements for these kinds of restroom accessories, as documented in the table below.

| Restroom Accessory | Maximum Allowable Height or Range of Heights from the Ground |
| --- | --- |
| Mirror | Forty inches[51] |

---

[44] See U.S. Dept. of Just., 2010 ADA Standards for Accessible Design §§ 308.2, 603.3, 604.7 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf (detailing technical requirements for restrooms in places of public accommodation).
[45] Id. § 603.3.
[46] Id. § 308.2.2.
[47] Id.
[48] Id. § 308.2.
[49] Id. § 606.3.
[50] Id. § 306.3.3.
[51] Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.19.6 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

Complaint for Declaratory and Injunctive Relief - 32
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

| Paper Towel and Soap Dispenser | **If located above a sink:**<br>• No higher than forty-four inches if the sink extends twenty to twenty-five inches from the wall,[52] or<br>• No higher than forty-eight inches if the sink extends less than twenty inches from the wall.[53]<br>**If NOT located above a sink:**<br>• No higher forty-eight inches.[54] |
|---|---|
| Top surface of sink | Thirty-four inches[55] |
| Bottom of sink | Twenty-nine inches[56] |

106.    Here, the men's restroom next to Theater 2 does not comply with either the 2010 or 1991 Standards. The mirror is posted above the only sink, and it measures 52.5 inches, 12.5 inches above the maximum required under the 2010 and 1991 Standards. Therefore, the mirror is not compliant with the Standards.

107.    Additionally, the sink measures thirty-seven inches high from the ground to the top surface. This is three inches past the maximum height allowed under the Standards.

108.    The Standards provide additional requirements for other accessories inside restrooms. This Complaint details the other accessibility violations in the below paragraphs.

---

[52] Id. § 4.2.5., figure 5(b).
[53] Id. § 4.2.5, figure 5(b).
[54] Id. § 4.2.5.
[55] Id. § 4.19.2.
[56] See id.

Complaint for Declaratory and
Injunctive Relief - 33
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

109.    Under the 2010 or 1991 Standards, operable controls, including sinks, shall not require "tight grasping, pinching, or twisting of the wrist."[57]

110.    Here, the sink inside this men's restroom requires turning a knob that requires tight grasping and twisting of the wrist." This clearly contradicts the Standards.

111.    Furthermore, the Standards require operators of places of public accommodation to insulate pipes underneath sinks to prevent physical contact.

112.    Here, the pipes under the sink in this restroom are not insulated. Therefore, the sinks also violate the Standards.

113.    Furthermore, operators of restrooms inside places of public accommodation must provide sufficient depth of space from the placement of the toilet. These requirements are detailed below.

| Placement of Toilet – Hung by Wall or Mounted on the Floor | Required Depth in Inches per the 2010 or 1991 Standards |
| --- | --- |
| Hung by wall | Fifty-six inches[58] |
| Floor mounted | Fifty-nine inches[59] |

---

[57] Id. § 4.27.4; U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 309.4 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf (detailing technical requirements for restrooms in places of public accommodation).

[58] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 604.8.1.1 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf (detailing technical requirements for restrooms in places of public accommodation).

[59] See Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.17.3 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf ("If the depth of a standard toilet stall is increased at least 3 in (75 mm), then a floor-mounted water closet may be used.").

Complaint for Declaratory and
Injunctive Relief - 34
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

114.     Here, the toilet in this restroom is mounted on the floor. Therefore, Landmark Theatres must provide at least fifty-nine inches of floor space depth. However, Landmark Theatres provides space that measures just fifty-three inches. This is six inches short of the minimum required depth under the ADA. Therefore, Landmark Theatres violates the Standards.

115.     Finally, the entrance and exit to the restroom may have a door that requires no more than five pounds of force to open.[60]

116.     Here, the door to this restroom requires eleven pounds of force to open. Therefore, the door to this restroom also fails to comply with the Standards.

117.     Finally, the 2010 Standards require operators of places of public accommodation to provide directional signage that directs patrons with disabilities to the nearest accessible restroom.[61]

118.     Here, Landmark Theatres provides no signage at all to direct patrons to this accessible restroom. Thus, Landmark Theatres has violated the 2010 Standards.

119.     These accessibility violations apply only to the men's restroom near Theater 2. The women's restroom near Theater 2 also contains accessibility barriers that violate the Standards, as detailed below.

---

[60] See U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 404.2.9, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.13.11(2)(a)-(c) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

[61] See U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 216.8, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf ("Where existing toilet rooms or bathing rooms do not comply with 603, directional signs indicating the location of the nearest toilet room or bathing room complying with 603 within the *facility* shall be provided.") (emphasis in original).

| | |
|---|---|
| Complaint for Declaratory and<br>Injunctive Relief - 35<br>Case No. | WASHINGTON CIVIL & DISABILITY ADVOCATE<br>4115 Roosevelt Way NE, Suite B<br>Seattle, WA 98105<br>(206) 428-3172 |

**Accessibility Barriers in the Women's Restroom Near Theater 2**

120.     Under the 2010 Standards, the toilet flush handle must be located on the open or transfer side of the toilet.[62] The "open side" is the side further away from the wall closest to the toilet.[63]

121.     Here, the toilet in this women's restroom contains a flush handle on the closed side of the toilet. This violates the 2010 Standards.

122.     Additionally, under both the 2010 and 1991 Standards, the height of a toilet must measure between seventeen and nineteen inches from the ground to the top of the toilet seat.[64]

123.     Here, the toilet seat in this restroom measures twenty-nine inches from the ground to the top of the toilet seat. This is at least ten inches above the maximum height allowed under the Standards.

124.     Furthermore, under the 2010 Standards, the toilet seat must measure between sixteen and eighteen inches from the centerline of the toilet to the nearest wall.[65]

125.     Here, the distance between the wall and centerline is ten inches. Therefore, the toilet in this stall also violates the 2010 Standards.

---

[62] See id. § 604.6, id. figure § 604.5.2.
[63] See id. figure § 604.5.2. This rule does not apply to "ambulatory *accessible* compartments complying with [section] 604.8.2 [of the 2010 Standards]." See id. § 604.6 (emphasis in original).
[64] See id. § 604.4; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.16.3 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.
[65] This rule applies to wheelchair-accessible toilet rooms; for "ambulatory accessible water closets," the distance from the centerline of the toilet seat to the nearest wall must measure between seventeen and nineteen inches. See U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 604.2, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf.

Complaint for Declaratory and
Injunctive Relief - 36
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

126.    Additionally, operators of places of public accommodation must provide two grab bars for each toilet: one that hangs on the wall to the rear of the toilet seat, and another one that hand on the wall closest to the toilet seat.[66] According to the 2010 or 1991 Standards, the distance of the rear grab bar between the centerline of the toilet seat and the side wall must measure at least twelve inches long.[67] Additionally, the distance of the rear grab bar between the centerline of the toilet seat to the end of the grab bar opposite to the closest wall must measure at least twenty-four inches.[68]

127.    Here, the distance of the grab bar from the centerline of the toilet seat to the end further away from the closest wall measures just twenty-one inches long. Therefore, the grab bar in this restroom violates the Standards.

128.    Furthermore, operators of places of public accommodation that operate public restrooms must ensure that patrons can operate sinks without "tight grasping, pinching, or twisting of the wrist."[69]

---

[66] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design §§ 604.5 (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.16.4 Figure 29 (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

[67] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 604.5.2, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; see Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.16.4, Figure 29(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

[68] See U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 604.5.2, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.16.4, Figure 29(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

[69] See U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 309.4, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf ("*Operable parts* shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist.") (emphasis in original); Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.27.4, Figure 29(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf ("Controls and operating

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

129.    Here, both sinks operate by using knobs that require tight grasping or twisting of the wrist. This, alone, violates the Standards.

130.    Additionally, sinks must require no more than five pounds of force to use.[70]

131.    Here, both sinks require more than five pounds of force. This also violates the Standards.

132.    Finally, the 2010 Standards require operators of places of public accommodation to provide directional signage that directs patrons with disabilities to the nearest accessible restroom.

133.    Here, Landmark Theatres provides no signage at all to direct patrons to this accessible restroom either. Thus, Landmark Theatres has violated the 2010 Standards.

## V. CAUSES OF ACTION

I.    **Count I – Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. 12181-12189 – Equal Opportunity**

134.    The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

135.    The ADA mandates that owners, operators, and lessors to places of public accommodation provide a "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" provided by "any place of public

---

mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist.").

[70] U.S. Dept. of Just., 2010 ADA Standards for Accessible Design § 309.4, (Sept. 15, 2010), https://archive.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf; Excerpt from 28 CFR Part 36: ADA Standards for Accessible Design § 4.27.4, Figure 29(a) (last updated July 1, 1994), https://www.ada.gov/assets/pdfs/1991-design-standards.pdf.

| | |
|---|---|
| Complaint for Declaratory and Injunctive Relief - 38 Case No. | WASHINGTON CIVIL & DISABILITY ADVOCATE 4115 Roosevelt Way NE, Suite B Seattle, WA 98105 (206) 428-3172 |

accommodation."[71] Failing to provide "full and equal enjoyment" is discriminatory under Title III of the ADA.[72]

136. At all times relevant to this action, Crest was and is a "place of public accommodation" that provided and still provides goods, services, and other benefits to the public, within the meaning of Title III of the ADA.

137. At all times relevant to this action, Landmark Theatres operated, and still operates today, Crest. Thus, the ADA subjects Landmark Theatres to the obligations imposed by the ADA to movie theaters like Crest, including the obligation to guarantee "full and equal enjoyment" of the goods, services, and other benefits that Crest provided and continues to provide.

138. At all times relevant to this action, Ms. Paulsen is a person with a disability as defined in the ADA and is thus a person for whom the ADA protects from discrimination based on disability.[73]

139. Here, in this action, the ADA obligates Landmark Theatres to guarantee "full and equal enjoyment" of the goods, services, and benefits it provides to Ms. Paulsen.

140. At all times relevant to this action, Landmark Theatres operated and still operates Crest in a way that discriminated against, and still discriminates again today, discrimination based on disability by:

---

[71] 42 U.S.C. § 12182(a).
[72] Id.
[73] Id. § 12102.

Complaint for Declaratory and Injunctive Relief - 39
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

- Failing to provide designated accessible parking spaces to patrons with disabilities who require them;

- Providing goods, services, facilities, privileges, or accommodations to the general public but are not equal to those provided to patrons without disabilities;

- Failing to provide a fully accessible stand to purchase tickets and concessions;

- Failing to provide enough spaces for wheelchairs in each of the four auditoriums, as required by the applicable Standards;

- Failing to provide equal opportunity for patrons who use wheelchairs to freely select seats across a diverse range of angles and locations in each of the four auditoriums;

- Failing to provide accessible routes to facilities inside Crest;

- Failing to provide restrooms fully accessible to patrons who use wheelchairs;

- Failing to complete alterations to Crest that are "readily achievable" to ensure that patrons with disabilities, including patrons who use wheelchairs, can readily access, use, and enjoy the benefits provided by Crest, fully and equally accessible as those provided to patrons without disabilities.

141.    The above lists how Landmark Theatres has discriminated against Ms. Paulsen based on disability, under Title III of the ADA, 42 U.S.C. § 12181 and its implementing regulations.

Complaint for Declaratory and
Injunctive Relief - 40
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

142.     Federal district courts have statutory authority to issue "order[s] to alter facilities" to ensure that those facilities are "readily accessible to and [are also] usable by individuals with disabilities."[74]

143.     Federal district courts also have statutory authority to award attorneys' fees, costs, and expenses incurred in the action to plaintiffs.[75]

144.     Ms. Paulsen is entitled declaratory and injunctive relief under 42 U.S.C. § 12188(a)(2), as well as attorneys' fees, costs, and expenses under 42 U.S.C. § 12205.

II.     **Count II – Washington Law Against Discrimination**

145.     The allegations of the preceding paragraphs are hereby re-alleged and incorporated by references as if fully stated herein.

146.     Ms. Paulsen is a person with a disability within the meaning of the applicable state law, the Revised Code of Washington (RCW), which defines "disability" as "the presence of a sensory, mental, or physical impairment that" is either "medically cognizable or diagnosable;" "exists as a record or history;" or "is perceived to exist whether or not it exists in fact."[76]

147.     People with disabilities also enjoy protection from discrimination based on disability under state law. RCW 49.60.030(1) provides that "[t]he right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right."

---

[74] Id. § 12188(a)(2).
[75] Id. § 12205.
[76] WASH. REV. CODE § 49.60.040(7)(a)(i)-(iii).

Complaint for Declaratory and             WASHINGTON CIVIL & DISABILITY ADVOCATE
Injunctive Relief - 41                              4115 Roosevelt Way NE, Suite B
Case No.                                                    Seattle, WA 98105
                                                                (206) 428-3172

148.        RCW 49.60.030(1)(b) also states that this civil right applies to "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement."

149.        "[F]ull enjoyment of" entails "the right to purchase . . . admission of any person to . . . facilities, or privileges of any place of public resort [or] accommodation . . . without acts directly or indirectly causing persons . . . with any sensory, mental, or physical disability . . . to be treated as not welcome, accepted, desired, or solicited."[77]

150.        Here, Ms. Paulsen is an individual with a physical disability and thus, the RCW protects Ms. Paulsen from discrimination in "place[s] of public resort, accommodation, assemblage, or amusement."

151.        Crest is a "place of public resort, accommodation, assemblage, or amusement" as defined under the RCW.[78] Therefore, the RCW subjects Crest to ensuing patrons with disabilities, including Ms. Paulsen, have "full enjoyment" of the same "accommodations, advantages, facilities, or privileges" provided by Crest.

152.        In this action, Ms. Paulsen alleges that Crest unlawfully denied Ms. Paulsen "full enjoyment" of the same "accommodations, advantages, facilities, or privileges" at Crest, including, but not limited to, parking spaces, selection of seats in each of the four auditoriums, the ability to purchase tickets, concessions, and other goods and services at the

---

[77] Id. § 49.60.040(14).
[78] Id.

Complaint for Declaratory and
Injunctive Relief - 42
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

front desk, the ability to use restrooms, and the ability to move inside Crest through its provided interior access routes.

153.     On information and belief, Ms. Paulsen alleges that Landmark Theatres has violated, and will continue to violate, RCW 49.60.010 *et seq.* by failing to provide "full enjoyment" as a "place of public resort, accommodation, assemblage, or amusement."

154.     Ms. Paulsen is entitled to declaratory and injunctive relief, as well as reasonable attorneys' fees or other remedies appropriate in this action, pursuant to RCW 49.60.030(2).

## VI. PRAYER FOR RELIEF

WHEREFORE, Ms. Paulsen prays for the following relief:

155.     That this Court assumes jurisdiction;

156.     That this Court issues declaratory and injunctive relief ordering Landmark Theatres to bring and operate Crest into full compliance with the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12205 and the Washington Law Against Discrimination, RCW 49.60.010 *et seq.*;

157.     That this Court awards Ms. Paulsen Meg Paulsen reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and RCW 49.60.030(2);

158.     That this Court awards additional or alternative relief as may be just, proper, and equitable; and

159.     The right to conform the pleadings to the evidence presented.

Complaint for Declaratory and
Injunctive Relief - 43
Case No.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**DATED:** 25th day of August, 2025.

Presented by:

WASHINGTON CIVIL & DISABILITY ADVOCATE

*/s/ Conrad Reynoldson*            */s/ Dustine Bowker*
Conrad Reynoldson                  Dustine Bowker
WSBA #48187                        WSBA #63263
4115 Roosevelt Way NE, Suite B     4115 Roosevelt Way NE, Suite B
Seattle, WA 98105                  Seattle, WA 98105
(206) 876-8515                     (206) 428-3172
Conrad@wacda.com                   Dustine@wacda.com


DOBSON HICKS, PLLC

*/s/ Aubrie Hicks*
Aubrie Hicks
WSBA #46446
12055 15th Ave NE, Suite D
Seattle, WA 98125
(206) 492-5183
Aubrie@dobsonhicks.com

*Attorneys for Plaintiffs*

Complaint for Declaratory and                WASHINGTON CIVIL & DISABILITY ADVOCATE
Injunctive Relief - 44                               4115 Roosevelt Way NE, Suite B
Case No.                                                   Seattle, WA 98105
                                                             (206) 428-3172