Honorable John H. Chun

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEG PAULSEN,<br><br>                Plaintiff,<br><br>     v.<br><br>SILVER CINEMAS ACQUISITION, CO D/B/A LANDMARK THEATRES,<br><br>                Defendant. | Case No. 2:25-cv-01626-JHC<br><br>**DEFENDANT SILVER CINEMAS ACQUISITION, CO D/B/A LANDMARK THEATRES' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed:    August 25, 2025<br>Trial Date:      None Set |

Defendant Silver Cinemas Acquisition, Co. d/b/a Landmark Theatres ("Defendant") through its undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, in answer to plaintiff Meg Paulsen's ("Plaintiff") Complaint (the "Complaint"), admits, denies, and alleges as follows:

## I.   INTRODUCTION

Defendant denies generally each, every, and all of the allegations of said Complaint, and the whole thereof, including each and every purported cause of action contained therein, and further denies that Plaintiff is entitled to any relief whatsoever.

## II.   JURISDICTION AND VENUE

1.     In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2.     In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3.     In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## III.   PARTIES

4.     In response to Paragraph 4 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny, and on that basis, denies each and every allegation.

5.     In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6.     In response to Paragraph 6 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation.

7.     In response to Paragraph 7 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation

8.     In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.     In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10.     In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

### IV.     FACTUAL ALLEGATIONS

**Background – The Americans with Disabilities Act (ADA) and
Applicable Laws to Ensure Accessibility**

11.     In response to Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12.     In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14.     In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15.     In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16.     In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

17.     In response to Paragraph 17 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

18.     In response to Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

19.     In response to Paragraph 19 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**Ms. Paulsen's Visit to Crest**

20.     In response to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis,

denies each and every allegation.

21.    In response to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

22.    In response to Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

23.    In response to Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

24.    In response to Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

25.    In response to Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

26.    In response to Paragraph 26 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation.

27.    In response to Paragraph 27 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation.

28.    In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29.    In response to Paragraph 29 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation.

-4-

30. In response to Paragraph 30 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

35. In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36. In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40. In response to Paragraph 40 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

41. In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42. In response to Paragraph 42 of the Complaint, Defendant denies each and every allegation.

**Crest Fails to Comply with the Requirements for Wheelchair Spaces Under the 2010 or 1991 Standards**

43.    In response to Paragraph 43 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

44.    In response to Paragraph 44 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

45.    In response to Paragraph 45 of the Complaint, Defendant is not required to respond as it contains no allegations.  To the extent a response is required, Defendant denies each and every allegation.

46.    In response to Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

47.    In response to Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**Access Barriers in Violation of the ADA in Theater 1**

48.    In response to Paragraph 48 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

49.    In response to Paragraph 49 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

50.    In response to Paragraph 50 of the Complaint, Defendant is not required to respond as it contains no allegations.  To the extent a response is required, Defendant denies each and every allegation

51.    In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.    In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.    In response to Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.    In response to Paragraph 54 of the Complaint, Defendant is not required to answer

-6-

legal conclusions and argument, and on that basis, denies each and every allegation.

55. In response to Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

56. In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57. In response to Paragraph 57 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

58. In response to Paragraph 58 of the Complaint, Defendant denies each and every allegation.

**Access Barriers in Violation of the ADA in Theater 2**

59. In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60. In response to Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61. In response to Paragraph 61 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

62. In response to Paragraph 62 of the Complaint, Defendant denies each and every allegation.

63. In response to Paragraph 63 of the Complaint, Defendant denies each and every allegation.

64. In response to Paragraph 64 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

65. In response to Paragraph 65 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

66. In response to Paragraph 66 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

67. In response to Paragraph 67 of the Complaint, Defendant is not required to answer

legal conclusions and argument, and on that basis, denies each and every allegation.

68. In response to Paragraph 68 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

69. In response to Paragraph 69 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

70. In response to Paragraph 70 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

71. In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

72. In response to Paragraph 72 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**Theater 3 Has an Insufficient Number of Wheelchair Spaces, and the Lone Space for a Wheelchair Fails to Meet Dimensional Requirements Under the Standards**

73. In response to Paragraph 73 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

74. In response to Paragraph 74 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

75. In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

76. In response to Paragraph 76 of the Complaint, Defendant is not required to respond as it contains no allegations.  To the extent a response is required, Defendant denies each and every allegation.

77. In response to Paragraph 77 of the Complaint, Defendant is not required to answer 77gal conclusions and argument, and on that basis, denies each and every allegation.

78. In response to Paragraph 78 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

79. In response to Paragraph 79 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

-8-

80.     In response to Paragraph 80 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

81.     In response to Paragraph 81 of the Complaint, Defendant is not required to respond as it contains no allegations.  To the extent a response is required, Defendant denies each and every allegation.

82.     In response to Paragraph 82 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**Theater 4 Provides as Insufficient Number of Wheelchair Spaces, Fails to Meet Dimensional Requirements, and Lacks Required Companion Seating**

83.     In response to Paragraph 83 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

84.     In response to Paragraph 84 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

85.     In response to Paragraph 85 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

86.     In response to Paragraph 86 of the Complaint, Defendant is not required to respond as it contains no allegations.  To the extent a response is required, Defendant denies each and every allegation.

87.     In response to Paragraph 87 of the Complaint, Defendant denies each and every allegation.

88.     In response to Paragraph 88 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

89.     In response to Paragraph 89 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

90.     In response to Paragraph 90 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

91.     In response to Paragraph 91 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

-9-

92.     In response to Paragraph 92 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

93.     In response to Paragraph 93 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

94.     In response to Paragraph 94 of the Complaint, Defendant is not required to respond as it contains no allegations.  To the extent a response is required, Defendant denies each and every allegation.

95.     In response to Paragraph 95 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**Other Violations Against Access to Goods and Services**

96.     In response to Paragraph 96 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

97.     In response to Paragraph 97 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

98.     In response to Paragraph 98 the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

99.     In response to Paragraph 99 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

100.    In response to Paragraph 100 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

101.    In response to Paragraph 101 of the Complaint, Defendant denies each and every allegation.

**Restrooms at Crest**

102.    In response to Paragraph 102 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

103.    In response to Paragraph 103 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

SMRH:4903-7245-9043.1    DEFENDANT'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

**Accessibility Violations at Men's Restroom Near Theater 2**

104.    In response to Paragraph 104 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

105.    In response to Paragraph 105 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

106.    In response to Paragraph 106 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

107.    In response to Paragraph 107 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

108.    In response to Paragraph 108 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

109.    In response to Paragraph 109 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

110.    In response to Paragraph 110 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

111.    In response to Paragraph 111 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

112.    In response to Paragraph 112 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

113.    In response to Paragraph 113 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

114.    In response to Paragraph 114 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

115.    In response to Paragraph 115 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

116.    In response to Paragraph 116 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation

SMRH:4903-7245-9043.1    DEFENDANT'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

117.    In response to Paragraph 117 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

118.    In response to Paragraph 118 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

119.    In response to Paragraph 119 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**Accessibility Barriers in the Women's Restroom Near Theater 2**

120.    In response to Paragraph 120 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

121.    In response to Paragraph 121 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

122.    In response to Paragraph 122 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

123.    In response to Paragraph 123 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

124.    In response to Paragraph 124 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

125.    In response to Paragraph 125 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

126.    In response to Paragraph 126 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

127.    In response to Paragraph 127 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

128.    In response to Paragraph 128 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

129.    In response to Paragraph 129 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

130.    In response to Paragraph 130 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

131.    In response to Paragraph 131 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

132.    In response to Paragraph 132 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

133.    In response to Paragraph 133 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## V.    CAUSES OF ACTION

### I.    COUNT I - Violation of the Americans with Disabilities Act (ADA), 41 U.S.C. 12181-12189 – Equal Opportunity

134.    In response to Paragraph 134 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 133 of this Answer as set forth above.

135.    In response to Paragraph 135 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

136.    In response to Paragraph 136 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

137.    In response to Paragraph 137 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

138.    In response to Paragraph 138 of the Complaint, , Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation.

139.    In response to Paragraph 139 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

140.    In response to Paragraph 140 of the Complaint, Defendant denies each and every allegation.

141.    In response to Paragraph 141 of the Complaint, Defendant denies each and every

-13-

allegation.

142.    In response to Paragraph 142 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

143.    In response to Paragraph 143 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

144.    In response to Paragraph 144 of the Complaint, Defendant denies each and every allegation.

## II.    Count II – Washington Law Against Discrimination

145.    In response to Paragraph 145 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 144 of this Answer as set forth above.

146.    In response to Paragraph 146 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation.

147.    In response to Paragraph 147 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

148.    In response to Paragraph 148 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

149.    In response to Paragraph 149 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

150.    In response to Paragraph 150 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on those bases, denies each and every allegation.

151.    In response to Paragraph 151 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

152.    In response to Paragraph 152 of the Complaint, Defendant denies each and every allegation.

-14-

153. In response to Paragraph 153 of the Complaint, Defendant denies each and every allegation.

154. In response to Paragraph 154 of the Complaint, Defendant denies each and every allegation.

### VI.   PRAYER FOR RELIEF

155. In response to Paragraph 155 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

156. In response to Paragraph 156 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

157. In response to Paragraph 157 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

158. In response to Paragraph 158 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

159. In response to Paragraph 159 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. Plaintiff lacks standing to pursue her alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the

-15-

"injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question. Here, Plaintiff lacks standing to pursue her alleged claims because, among other reasons, she is not bona fide patron, she alleges barriers not related to her disability, she is not disabled, and/or she does not intend to return to the subject property and/or utilize Defendant's services or goods.

### THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.      Plaintiff's claims are barred to the extent that they are based on visits to the subject facility more than two years prior to the date the Complaint was filed.

### FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.      The purported architectural barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

### FIFTH AFFIRMATIVE DEFENSE

(Removal of Architectural Barriers Was Not Readily Achievable)

5.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

### SIXTH AFFIRMATIVE DEFENSE

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

6.      Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations," including to the features alleged in the Complaint, were made to ensure that the facility would be readily

-16-

accessible to the maximum extent feasible.  28 C.F.R. § 36.402.

## SEVENTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

7.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8.    Plaintiff's claims are barred under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

9.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## TENTH AFFIRMATIVE DEFENSE

(Undue Burden)

10.    Insofar as Defendant has not made alterations to the facilities at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or state law, and any requirements to make those changes would impose an undue burden upon Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11.    Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

12.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

-17-

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13.     Plaintiff failed to properly mitigate her alleged damages and therefore is precluded from recovering those alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

14.     Plaintiff's alleged claims are barred, in whole or in part, because of her failure to name an indispensable party or parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

15.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

16.     The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

17.     Plaintiff's claims are barred under the doctrine of mootness.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

18.     Plaintiff's claims are barred because Plaintiff failed to provide any notice to Defendant regarding the alleged accessibility issues prior to filing this lawsuit.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

19.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if

-18-

there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

(Isolated and/or Temporary Interruptions)

20.    Defendant alleges based upon information and belief that it was privileged and/or justified for the alleged conduct, if any, because the alleged barriers were isolated and/or temporary interruptions in service or access due to maintenance and/or repairs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

21.    Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.  The extent to which Plaintiff's claims may be barred cannot be determined until Defendant has an opportunity to complete discovery.  Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

22.    Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities, but Plaintiff never sought or requested any such modifications.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Advice Of Architects)

23.    Plaintiff's claims are barred by reason of Defendant's good faith reliance upon the advice of architects with respect to the subject property.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Not a Bona Fide Patron)

24.    Plaintiff's claims are barred because Plaintiff is not a bona fide customer.

### PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.    That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

-19-

2.      That Plaintiff take nothing by way of her Complaint;

3.      That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.      For such further and other relief as the Court may deem just and proper.

DATED:  September 26, 2025                    Sheppard Mullin Richter & Hampton LLP


By _____*s/ Matthew Cunanan*_____
        Matthew Cunanan (WA Bar No. 42530)
        **Matthew Cunanan, WSBA #42530DC Law Group**
        4019 S. Cheney-Spokane Rd., Suite #8
        Spokane, WA 99224
        Tel:  206.494.0400
        matthew@dclglawyers.com

        Gregory F. Hurley (Cal. Bar No. 126791)
        **Sheppard Mullin Richter & Hampton LLP**
        *pro hac* forthcoming
        Abigail Zeimis (Cal. Bar No. 347911)
        (*pro hac* forthcoming)
        **Sheppard Mullin Richter & Hampton LLP**
        650 Town Center Drive, 10th Floor
        Costa Mesa, CA 92626-1993
        Tel:  714-513-5100
        ghurley@sheppardmullin.com
        azeimis@sheppardmullin.com


        *Attorney for Defendant,*
        *Silver Cinemas Acquisition d/b/a Landmark Theatres*

-20-

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury.

DATED:  September 26, 2025                    Sheppard Mullin Richter & Hampton LLP


By _____*s/ Matthew Cunanan*_____
Matthew Cunanan (WA Bar No. 42530)
**DC Law Group**
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel:  (206) 494-0400
matthew@dclglawyers.com

Gregory F. Hurley (Cal. Bar No. 126791)
**Sheppard Mullin Richter & Hampton LLP**
*pro hac* forthcoming
Abigail Zeimis (Cal. Bar No. 347911)
(*pro hac* forthcoming)
**Sheppard Mullin Richter & Hampton LLP**
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
Tel:  714-513-5100
ghurley@sheppardmullin.com
azeimis@sheppardmullin.com


*Attorney for Defendant,*
*Silver Cinemas Acquisition d/b/a Landmark Theatres*

-21-

## CERTIFICATE OF SERVICE

I, Matthew Cunanan hereby certify that on September 26, 2025, true and correct copies of

Defendant's Answer to Complaint was served upon all counsel of record via the Court's

Electronic Case Filing system.

**WASHINGTON CIVIL & DISABILITY ADVOCATE**
Conrad Reynoldson
WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
Conrad@wacda.com

**WASHINGTON CIVIL & DISABILITY ADVOCATE**
Dustine Bowker
WSBA#63263
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172
Dustine@wacda.com

**DOBSON HICKS, PLLC**
Aubrie Hicks
WSBA#46446
12055 15th Ave NE, Suite D
Seattle, WA 98125
(206) 492-5183
Aubrie@dobsonhicks.com

*Counsel for Plaintiff, Meg Paulsen*

By _____*s/ Matthew Cunanan*_____
Matthew Cunanan

-22-

SMRH:4903-7245-9043.1        DEFENDANT'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL