THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MEG PAULSEN,

        Plaintiff,

  v.

SILVER CINEMAS ACQUISITION, CO. D/B/A
LANDMARK THEATRES,

        Defendants.

NO. 2:25-cv-01626-JHC

**DECLARATION OF EDEN B. NORDBY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL REGARDING REQUESTS FOR PRODUCTION NOS. 9 AND 10**

I, Eden B. Nordby, declare as follows:

1.     I am an associate at the law firm of Terrell Marshall Law Group PLLC and co-counsel of record for Plaintiff in this matter. I am admitted to practice before this Court and am a member in good standing of the bar of the state of Washington. I respectfully submit this declaration in support of Plaintiff's Motion to Compel Regarding Requests for Production Nos. 9 and 10. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.     I certify that the parties' counsel met and conferred regarding this discovery dispute via telephone on June 18, 2026 and exchanged written correspondence regarding their respective positions afterwards. In attendance at the meet and confer were myself, Blythe Chandler, Conrad Reynoldson, and Dustine Bowker for Plaintiff and Abigail Zeimis for Defendant.

DECLARATION OF EDEN B. NORDBY IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL REGARDING REQUESTS FOR
PRODUCTION NOS. 9 AND 10 - 1
CASE NO. 2:25-cv-01626-JHC

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3. On December 29, 2025, Ms. Paulsen served her first set of interrogatories and requests for production on Landmark.

4. Landmark objected to producing documents responsive to Request for Production No. 9 (organizational charts) and No. 10 (documents related to its profits from January 1, 2022, to present), on relevance grounds, and has failed to produce the responsive documents despite previous promises to do so.

5. Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from Defendant Silver Cinemas Acquisition D/B/A Landmark Theatres' Responses to Plaintiff Meg Paulsen's Requests for Production of Documents, dated January 28, 2026.

6. Attached hereto as Exhibit 2 is a true and correct copy of the June 25, 2026 email from Abigail Zeimis to Plaintiff's counsel.

7. Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts from Defendant Silver Cinemas Acquisition D/B/A Landmark Theatres' Supplemental Responses to Plaintiff Meg Paulsen's Requests for Production of Documents, dated March 31, 2026.

8. Attached hereto as Exhibit 4 is a true and correct copy of the June 8, 2026 letter from Blythe Chandler to Abigail Zeimis.

9. During the parties' discovery conference on June 18, 2026, Landmark's counsel stated that it was standing on its relevance objections to RFP Nos. 9 and 10, but she needed a week to evaluate and confirm that position with her client. Landmark's counsel confirmed that Defendant's sole objection to the two requests is relevance. Otherwise, Landmark agreed to supplement its discovery responses and production by July 9.

10. Attached hereto as Exhibit 5 is a true and correct copy of the June 18, 2026 email from Eden Nordby to Abigail Zeimis memorializing the parties' discovery conference.

11. Attached hereto as Exhibit 6 is a true and correct copy of emails between Conrad Reynoldson and Abigail Zeimis dated July 8 – 9, 2026.

12. On July 8, Landmark's counsel notified Plaintiff's counsel that it was considering "dropping our readily achievable defense" but needed an additional ten days to decide, as well

DECLARATION OF EDEN B. NORDBY IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL REGARDING REQUESTS FOR
PRODUCTION NOS. 9 AND 10 - 2
CASE NO. 2:25-cv-01626-JHC

as an extension for their supplemental discovery responses for RFP Nos. 9 and 10. Mr. Reynoldson responded, seeking clarification regarding Landmark's proposal and suggesting that if Landmark decides to drop its readily achievable defense, the parties enter a stipulation stating that Landmark waives all defenses and arguments based on 42 U.S.C. § 12181(9), or alternatively, that Landmark make a full document production by 5:00 p.m. PT on July 20. Counsel for Landmark did not respond.

13.     Attached hereto as Exhibit 7 is a true and correct copy of relevant excerpts from Defendant Silver Cinemas Acquisition D/B/A Landmark Theatres' Further Supplemental Responses to Plaintiff Meg Paulsen's Requests for Production of Documents, dated July 10, 2026.

14.     Landmark's July 10 supplemental responses stated that it would produce documents in response to RFP No. 9 (as narrowed) and No. 10. To date, it has not done so.

15.     There is no evidence that the Landmark Crest Cinema Center, Shoreline, is a historic building.

16.     Ms. Paulsen has noticed the depositions of Landmark's disclosed rebuttal expert, Michael Fant (also a vice president of Landmark), and Landmark's Rule 30(b)(6) representative(s).

17.     To date, Plaintiff's counsel has incurred $7,574 in fees to bring this motion. Plaintiff's counsel will document any fees incurred in preparing any reply supporting this motion with their reply.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

EXECUTED at Seattle, Washington and DATED this 21st day of July, 2026.


By: /s/ Eden B. Nordby
    Eden B. Nordby, WSBA #58654

DECLARATION OF EDEN B. NORDBY IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL REGARDING REQUESTS FOR
PRODUCTION NOS. 9 AND 10 - 3
CASE NO. 2:25-cv-01626-JHC

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com